UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN MARTIN RITCHEY,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:18-CV-05237-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Social Security Commissioner's ("Commissioner") denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err by failing to further develop the record as to Plaintiff's mental impairments. The ALJ also did not err in his assessment of medical opinion evidence from Dr. Samuel Coor, D.O.

Therefore, because the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On August 15, 2014, Plaintiff filed an application for DIB, alleging disability as of November 6, 2010.[1] *See* Dkt. 10, Administrative Record ("AR") 16. The application was denied upon initial administrative review and on reconsideration. *See* AR 16. ALJ S. Andrew Grace held a hearing on June 13, 2016. AR 34-67. In a decision dated October 18, 2016, the ALJ determined Plaintiff to be not disabled. AR 13-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) fully and fairly develop the record as to Plaintiff's mental impairments; and (2) provide legally sufficient reasons to discount medical opinion evidence from Dr. Coor. Dkt. 15, pp. 1-14. Plaintiff requests an award of benefits as a result of these errors. *Id.* at 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] At the hearing, Plaintiff amended his alleged onset date of disability to March 15, 2013. *See* AR 16, 38.

DISCUSSION

**I. Whether the ALJ properly assessed Plaintiff's mental impairments.**

Plaintiff maintains the ALJ erred by failing to fully and fairly develop the record as to Plaintiff's mental impairments. Dkt. 15, pp. 3-8.

At Step Two of the Social Security Administration's ("SSA's") evaluation process, the ALJ to determines whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). To establish the existence of an impairment, SSA regulations require evidence from "acceptable medical sources," such as licensed physicians or psychologists. 20 C.F.R. § 404.1513(a) (effective Sept. 3, 2013 to Mar. 26, 2017).[2] On the other hand, evidence from "other" medical sources – such as nurse practitioners and physicians' assistants – may show the severity of impairments and how they affect a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(a), (d). However, "other" medical sources cannot establish the existence of such impairments. *See* 20 C.F.R. §§ 404.1513(a), (d).

Further, "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen*, 80 F.3d at 1288 (quotation marks omitted). Although a claimant bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).

---

[2] The Court "applies the law in effect at the time of the ALJ's decision." *Rose v. Berryhill*, 256 F.Supp.3d 1079, 1083 n.3 (C.D. Cal. 2017) (citations omitted).

In this case, Plaintiff's treating Advanced Registered Nurse Practitioner ("ARNP") Caitlin Rodman diagnosed Plaintiff with anxiety and depression. *See, e.g.*, AR 489-90, 493, 503. In his decision at Step Two of the sequential evaluation process, the ALJ noted that Plaintiff alleged anxiety and depression at the hearing. AR 19. However, the ALJ found these conditions were "not documented by acceptable clinical or laboratory findings in the record sufficient to establish the presence of medically determinable impairments[.]" AR 19.

Plaintiff acknowledges that the only diagnoses of anxiety and depression in the record come from Ms. Rodman, who – as an "other" medical source – cannot establish the existence of these impairments. Dkt. 15, p. 7. Nevertheless, Plaintiff argues "the record lacked sufficient evidence to make a determination" regarding Plaintiff's mental impairments, and as such, "the ALJ should have expanded upon and developed the record more thoroughly." *Id.* at 8.

The Court disagrees. Plaintiff's argument overlooks the fact that he bears the burden of proof at Step Two to prove the existence of his severe impairments. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001); *see also Lyons v. Colvin*, 2015 WL 3621358, at *2, 4 (W.D. Wash. June 9, 2015). Although an ALJ has a duty to develop the record if the record is ambiguous or inadequate, the record here was neither ambiguous nor inadequate such that the ALJ could not properly evaluate the evidence. Rather, the record allowed the ALJ to accurately determine that no acceptable medical source had diagnosed Plaintiff with anxiety or depression. *See* AR 19; *Mayes*, 276 F.3d at 459-60 ("[t]he record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence" with respect to the claimant's herniated discs, because the claimant did not provide the ALJ with evidence of her herniated discs until after the hearing); *see also Lyons*, 2015 WL 3621358, at *4 (the ALJ had no duty to develop the record where the only diagnosis for an impairment came from an ARNP).

1       Thus, because the record was neither ambiguous nor inadequate, Plaintiff has not

2 established the ALJ erred by failing to further develop the record. *See Coleman v. Colvin*, 524

3 Fed. Appx. 325, 326 (9th Cir. 2013) ("the ALJ had no duty to develop the record" where the

4 claimant "failed to present any evidence of signs or laboratory findings establishing [the

5 claimant] suffered from a mental impairment"); *Acosta v. Berryhill*, 2017 WL 1304442, at *4

6 (W.D. Wash. Mar. 24, 2017) (claimant's argument that the ALJ had a duty to develop the record

7 due to an ARNP's opinion failed because the ARNP's opinion was "not ambiguous or

8 inadequate . . . To require the ALJ to further develop the record here would improperly shift [the

9 claimant's] burden of proving disability to the ALJ.").

10       Plaintiff maintains the evidence from Ms. Rodman shows a "colorable claim" of a mental

11 impairment that "trigger[ed] the ALJ's duty to fully and fairly develop the record in relation to

12 Plaintiff's impairments." Dkt. 15, p. 6. The line of cases Plaintiff relies upon for his "colorable

13 claim" argument stem from the Ninth Circuit's interpretation of 20 C.F.R. § 404.1520a. *See* Dkt.

14 15, pp. 4-8. That regulation sets forth a specific technique for "evaluating the severity of mental

15 impairments." *See* 20 C.F.R. § 404.1520a(a) (effective June 13, 2011 to Jan. 16, 2017). The ALJ

16 first determines whether a claimant has a medically determinable mental impairment. *See* 20

17 C.F.R. § 404.1520a(b). If the claimant does have a medically determinable mental impairment,

18 the ALJ must "rate the degree of functional limitation resulting from the impairment." 20 C.F.R.

19 § 404.1520a(b)-(c); *see also Stewart v. Colvin*, 2014 WL 294548, at *11 (W.D. Wash. Jan. 27,

20 2014).

21       The Ninth Circuit has held the ALJ must employ this technique "where there is a

22 colorable claim of mental impairment." *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000),

23 *superseded by regulation as stated in Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 725-

24

26 (9th Cir. 2011) (citation omitted)).[3] However, the Ninth Circuit has further held that an ALJ must only employ this technique where the claimant has established a medically determinable mental impairment. *See Coleman*, 524 Fed. Appx. at 326 (citing *Keyser*, 648 F.3d at 726; 20 C.F.R. § 404.1520a(b)); *see also Graham v. Colvin*, 2015 WL 5228023, at *3 (W.D. Wash. Sept. 8, 2015).

In this case, the only mental health diagnoses in the record come from Ms. Rodman, who is an ARNP and cannot establish the existence of a medically determinable impairment. *See* 20 C.F.R. § 404.1513. As such, Plaintiff has not established the existence of a medically determinable impairment which is necessary to show a colorable claim of a mental impairment. *See Coleman*, 524 Fed. Appx. at 326 ("because [the claimant] failed to establish a medically determinable mental impairment, she necessarily also failed to establish a colorable claim of mental impairment such that the ALJ had no duty to apply the special psychiatric review technique and determine her degree of functional limitation"); *see also Graham*, 2015 WL 5228023, at *3 (citation omitted) ("[w]here a claimant fails to establish the existence of a medically determinable impairment, he or she also necessarily fails to establish a colorable claim of mental impairment").

Accordingly, Plaintiff failed to show the ALJ erred by failing to further develop the record with respect to his mental health impairments. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (quoting *Shineski v. Sanders*, 556 U.S. 396, 407-09 (2009)) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights.'").

---

[3] Although the regulations underlying *Gutierrez* were superseded by regulation amendments, the Ninth Circuit thereafter stated "the *Gutierrez* analysis remains unchanged," as the regulations still required an ALJ to conduct the applicable analysis and attach or incorporate it into his decision. *Keyser*, 648 F.3d at 725-26.

**II.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ failed to properly consider medical opinion evidence from examining physician Dr. Coor. Dkt. 15, pp. 8-14.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Coor conducted an evaluation of Plaintiff on July 14, 2016. AR 554-566. As part of his evaluation, Dr. Coor reviewed treatment notes from Ms. Rodman and conducted a physical examination of Plaintiff. *See* AR 554-566. Dr. Coor opined Plaintiff could occasionally lift or carry up to 10 pounds, but could never lift or carry more than 10 pounds. AR 561. Further, Dr. Coor found Plaintiff could sit for two hours at one time, and for a total of eight hours in an eight-hour work day. AR 562. Dr. Coor also determined Plaintiff could stand for one hour at a time, and for a total of three hours in an eight-hour work day. AR 562. Additionally, Dr. Coor opined Plaintiff could walk for 20 minutes at a time, and for a total of two hours in an eight-hour work day. AR 562.

1    Moreover, Dr. Coor determined Plaintiff could occasionally reach, and occasionally

2 push/pull, with both his left and right hands. AR 563. Dr. Coor likewise found Plaintiff could

3 occasionally operate foot controls. AR 563. Dr. Coor opined Plaintiff could occasionally climb

4 stairs and ramps, stoop, kneel, and crouch, but could never climb ladders or scaffolds, balance, or

5 crawl. AR 564. Furthermore, Dr. Coor determined Plaintiff could never tolerate the following

6 conditions: unprotected heights; humidity and wetness; dust, odors, fumes and pulmonary

7 irritants; extreme cold; and extreme heat. AR 565. Dr. Coor also opined Plaintiff could

8 occasionally operate a motor vehicle and tolerate vibrations, and frequently tolerate moving

9 mechanical parts. AR 565. Lastly, Dr. Coor found Plaintiff could tolerate moderate or loud noise

10 levels. AR 565.

11    The ALJ gave Dr. Coor's opinion "little weight." AR 26. The ALJ reasoned Dr. Coor's

12 opinion was inconsistent with the overall medical opinion evidence and Plaintiff's activities. AR

13 26. Further, the ALJ found Dr. Coor's opinion inconsistent with his own physical examination of

14 Plaintiff:

> The doctor's opinion regarding the claimant's physical limitations is generally inconsistent with . . . his own physical examination findings . . . [Dr. Coor] also opined that the claimant can lift/carry only up to 10 pounds occasionally even though the physical examination with respect of the upper extremities was completely benign . . . He further opined that the claimant has manipulative and pushing/pulling restrictions even though the claimant did not demonstrate any physical abnormalities with respect of his upper extremities during the examination and elsewhere in the record. Additionally, the claimant's physical examination findings during the examination was [sic] generally benign.

20 AR 26.

21    An ALJ may reject a physician's opinion if it is "inadequately supported by," or

22 inconsistent with, the physician's own recorded observations. *See Bayliss*, 427 F.3d at 1216.

23 Here, the ALJ properly determined Dr. Coor's opined limitations were inconsistent with his

24

"generally benign" physical examination. AR 26. For instance, as the ALJ noted, despite Dr. Coor's opinion that Plaintiff could only lift or carry up to 10 pounds, and had push/pull limitations, Dr. Coor's examination revealed "5/5" muscle strength in each of Plaintiff's upper extremity muscles. *See* AR 26, 556. Likewise, although Dr. Coor opined Plaintiff had sitting, standing, and walking limitations, Dr. Coor's examination of Plaintiff's lower extremities was – as the ALJ asserted – "generally benign," showing "5/5" strength in each lower extremity muscle, and normal coordination and gait. *See* AR 26, 556, 557. Therefore, the ALJ accurately determined Dr. Coor's opined limitations contradicted "his own physical examination findings," and this was a specific, legitimate reason to discount this opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity" between a physician's opined limitations and her medical records was a specific and legitimate reason to reject the opinion); *Bayliss*, 427 F.3d at 1216 (contradictions between a physician's "recorded observations" and functional assessment of the claimant was "a clear and convincing reason for not relying on the doctor's opinion").

Plaintiff argues Dr. Coor's examination contained some abnormal findings that support his opinion, such as exertional dyspnea, high blood pressure, and reduced range of motion in Plaintiff's neck and shoulder. Dkt. 15, pp. 10-11. The Court notes Dr. Coor did, as Plaintiff asserts, find Plaintiff suffered from "[e]xertional dyspnea with minor movements," had high blood pressure, and exhibited between 10-20 degrees of reduced range of motion in the rotation and lateral bending of his neck. *See* AR 557, 558. Plaintiff also exhibited 10 degrees of reduced range of motion in the extension of his left shoulder. AR 559. However, such few abnormal findings do not explain the extreme degree of Dr. Coor's opined limitations, such as that Plaintiff can lift no more than 10 pounds or stand for no more than 20 minutes at one time. Therefore, these limited abnormal findings do not deprive the ALJ's reasoning of substantial evidence. *See*

*Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("[i]f the evidence admits of more than one rational interpretation," the ALJ's decision must be upheld).

Plaintiff also argues the ALJ erred by failing to consider that Dr. Coor reviewed Ms. Rodman's treatment notes, which Plaintiff maintains "clearly support" Dr. Coor's opinion. Dkt. 15, pp. 11-12. Even though Dr. Coor indicated that he reviewed treatment notes from Ms. Rodman,[4] his report does not indicate he relied on these treatment notes to form his opinion. *See* AR 554-66. Moreover, the treatment notes Dr. Coor reviewed from Ms. Rodman do not reveal findings that necessarily explain Dr. Coor's opined limitations. For instance, although Ms. Rodman found Plaintiff's musculoskeletal examinations revealed "tenderness" in multiple areas (AR 525, 531) and decreased range of motion in the lumbar spine (AR 532), her examinations further revealed normal strength (AR 525), normal coordination and gait (AR 532), normal breath sounds (AR 525, 531, 538), and no respiratory distress (AR 525, 531, 538). Therefore, Plaintiff's argument is unpersuasive. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. 389, 400 (1971); *Allen*, 749 F.2d at 579) ("if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

In sum, the ALJ provided a specific, legitimate reason in rejecting Dr. Coor's opinion for being inconsistent with his own examination findings. Furthermore, while the ALJ provided additional reasons to discount Dr. Coor's opinion, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d

---

[4] For the sake of argument, the Court accepts Plaintiff's position that Dr. Coor "had access to a *series* of treatment notes from Ms. Rodman," despite the notation in Dr. Coor's report that he reviewed a single "ARNP Note" from "6/29/15." *See* Dkt. 15, p. 11 (emphasis added); AR 554.

1155, 1162 (9th Cir. 2008)) (noting that although an ALJ erred with regard to one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 27th day of September, 2018.

David W. Christel
United States Magistrate Judge